**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                                  **PLAINTIFF/
RESPONDENT**

**v.**                       **NO. 4:03-CR-00060 (2) - GTE
4:05-CV-00943 GTE**

**JOHN ARRON ROWLAND**                                                               **DEFENDANT/
PETITIONER**

## ORDER DENYING § 2255 PETITION AND OTHER RELIEF

Petitioner John Arron Rowland has filed a Motion Under 28 U.S.C. § 2255 to Correct Illegally Imposed Sentence. Also pending is Mr. Rowland's Motion for Reconsideration. Mr. Rowland pursues both motions *pro se*. The Court concludes that both motions must be denied.

**I. BACKGROUND**

On September 4, 2003, Mr. Rowland appeared, with counsel, and entered a guilty plea to Count 1 of the Indictment, which charged Mr. Rowland with conspiracy to distribute crack cocaine, a violation of 21 U.S.C. § 846. The remaining charges against Mr. Rowland, contained in Counts 2, 3, 5 and 6 of the Indictment, were dismissed. The Government and Mr. Rowland entered into a written plea agreement which was filed with the Court. Therein, the parties stipulated to a drug quantity of 32.2744 grams of cocaine base. The agreed upon drug quantity triggered a statutory minimum sentence of five years, or sixty months, imprisonment.

On December 9, 2003, Mr. Rowland appeared, with counsel, for sentencing. Mr. Rowland's extensive criminal history qualified him as a career offender, requiring an increased base offense level under the Guideline and automatically placing him in Criminal History Category VI. A guideline range of 188-235 months resulted. Neither party objected to the

computation of the guideline range. The Court imposed the minimum sentence permissible under the Guidelines, 188 months.

On February 9, 2004, the Government filed a Motion for Downward Departure, therein requesting the Court to reduce Mr. Rowland's sentence by 50% to 94 months imprisonment based on his substantial assistance. By Order dated February 17, 2004, the Court found that a further reduction of 50% was not warranted, but instead found that a reduction by 33 1/3 % or, rounded off, 63 months, was appropriate. Accordingly, Mr. Rowland's sentence was reduced from 188 months to 125 months.

It does not appear that Petitioner appealed either his conviction or sentence.

## II. PETITIONER'S SUBSTANTIVE MOTIONS

### (1) Motion for Reconsideration

On May 24, 2005, Petitioner filed a motion captioned "Motion to Respond" which was treated by the Court as a Motion for Reconsideration. Therein, Petitioner seeks to correct or modify an illegally imposed sentence. Petitioner cites a variety of rules, including Rule 60(b)(6),[1] § 3535(b)[2] and Fed. R. Crim. P. Rules 32(b) and 35, as well as the unconstitutionality of the guideline system following the United States Supreme Court's decisions in *United States v. Booker*[3] and *United States v. Blakely.*[4] His request for reconsideration is based on the following allegations:

(1) the Government tricked him into signing a plea agreement believing that he would

---

[1] Presumably, Petitioner is here referring to the Federal Rules of Civil Procedure.

[2] Title 18, section 3535(b) does not exist. Presumably, Petitioner has transposed two numbers and intends to refer to 3553(b).

[3] 125 S.Ct. 738 (2005).

[4] 542 U.S. 296, 124 S.Ct. 2531 (2004).

receive an ultimate sentence of 36 months, but then "hung him out to dry" by failing to
file a Rule 35(b) motion requesting a reduction of sentence to 36 months;
(2) the Sentencing Guidelines were applied unconstitutionally, causing the Defendant's
sentence to be enhanced from 36 to 188 months.

For relief, Petitioner asserts that his 125 month sentence should be reduced to 33-63 months.

**(2)** **Petitioner's Motion Pursuant to § 2255 to Correct Illegally Imposed Sentence**

In his § 2255 motion, Petitioner asserts that the Court erred in:

(1) failing to enter an Amended Judgment reflecting the sentence reduction from 188 to
125 months of imprisonment; and
(2) illegally sentencing him to a term of imprisonment in excess of the 63 months he
agreed to in entering into his plea.

Petitioner also references *Booker* and *Blakely*, *supra*, although his petition does not indicate with

any specificity how or why he believes his sentence violated *Booker*.

### III. UNTIMELINESS & PROCEDURAL DEFAULT

#### A. Motion to Reconsider

Of the rules and statutes cited by Petitioner, only Fed. R. Crim. P. 35 is potentially

applicable here. Rule 35, however, affords Petitioner no basis for relief. The Court ruled on the

Government's Rule 35 motion on February 17, 2004. Petitioner waited over 15 months to file a

Motion for Reconsideration.

Under Rule 35(a), a Court's authority to correct a sentence for clear error expires 7 days

after sentencing. The Court lacks jurisdiction to correct Petitioner's sentence under Rule 35,

even if clear error existed. *See U.S. v. Austin*, 217 F.3d 595 (8th Cir. 2000). Thus, Petitioner's

motion is untimely and may be denied on that basis alone.

Even if Petitioner's motion had been timely filed, the Court would deny the motion, for

the reasons discussed below.

### B.     § 2255 Petition

As a threshold matter, Petitioner's §2255 petition appears to be filed outside the one-year limitations period within which such claims must be filed. Absent some basis for applying equitable tolling, a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255. The Court sentenced Petitioner on December 9, 2003. His sentence became final ten business later because he failed to appeal the judgment. *See Wims v. United States*, 225 F.3d 186, 190 (2$^d$ Cir. 2000)(conviction becomes final on the day the time to appeal expires). On February 9, 2004, the Court reduced Petitioner's sentence on the Government's Rule 35 motion. Petitioner had no right to appeal that Order.

Petitioner waited until July 6, 2005 to file his §2255 Petition. Whether the one year limitations period began running in December of 2003 or February of 2004, Petitioner's motion is untimely.

In addition to filing his petition untimely, Petitioner has also procedurally defaulted on any claims he could have raised on direct appeal. A defendant's failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes the defendant from raising the issue for the first time in a § 2255 petition. *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000). The rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). Section 2255 was not intended to serve as a substitute for direct appeal, but rather "[r]elief under [this statute] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

An exception to the bar from raising claims that could have been raised on direct appeal

exists where a defendant can show both: (1) a "cause" that excuses the default; and (2) "actual prejudice" resulting from the errors of which he complains. *See United States v. Frady*, 456 U.S. 152, 168 (1982); *Matthews,* 114 F.3d at 113. Where a defendant is unable to show "cause" and "prejudice," then he must make a "substantial claim that constitutional error caused the conviction of an innocent person . . ." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Mr. Rowland's § 2255 Petition is untimely filed. Additionally, he has procedurally defaulted with regard to any claims he could have appealed because he has failed to demonstrate either cause and prejudice or actual innocence. Petitioner's §2255 claims fail for these reasons even without considering the claims on their merits.

## IV. MERITS OF PETITIONER'S CLAIMS

Although the Court need not reach the merits in order to deny Mr. Rowland's motions, a review of the claims reveals that they lack merit. Mr. Rowland makes similar allegations in both of his motions. Accordingly, the issues raised in both motions will be discussed together.

### No promises were made for any particular sentence

The record disproves Mr. Rowland's allegations that he was promised a sentence of 36 months.

The written plea agreement in this case contains no promise of any particular sentence. During the plea change hearing, the Court specifically asked: "Have any threats or promises been made not included in the plea agreement to induce you to plead guilty to this charge?" Mr. Rowland replied, "No."

The stipulations regarding sentencing contained in the plea agreement related only to the three level reduction for acceptance of responsibility and to the amount of crack cocaine on which Defendant's sentence would be based. Mr. Rowland received the benefit of both

- 5 -

stipulations at sentencing.

> Moreover, the plea agreement states:
>
> > "It is specifically understood by the defendant that the sentence is subject to the Sentencing Guidelines. The United States has informed the defendant that the determination of the applicability of the Guidelines and of the appropriate sentence is within the sole discretion of the District Court."

(Plea Agreement, Docket # 47, at p. 3-4). Finally, the plea agreement provides that it alone "completely reflects all promises, agreements and conditions made between the parties." (*Id*. at p. 7). Mr. Rowland signed the plea agreement.

At the plea change hearing, Mr. Rowland was given specific, accurate information regarding the possible sentencing range. Prior to accepting Mr. Rowland's plea, the Court advised that it could only provide "an estimate of the sentence" until the Presentence Report was prepared. The Court thereafter advised Mr. Rowland of the potential sentences he might be facing as a result of his guilty plea, specifically noting that there was an issue as to whether the career offender provision might apply. That exchange is reflected in the transcript of the plea change hearing, as follows:

> THE COURT: . . . Now I'm just going to give you an estimate of the sentence because until I get a Presentence Report I cannot know definitely how this is going to come out. . . . Now one of the problems I have is I do not know precisely what your prior criminal record is. It appears that you do have some prior felonies dating back to 1977. If substantiated, of course, the criminal history category would have an impact on the sentence. . . . Now we also have a question here of whether your background might require application of a career offender – the rules regarding career offenders. Have you discussed this with your client?
>
> MS. WITHERSPOON [DEFENDANT'S COUNSEL]: Yes, Your Honor.
>
> THE COURT: Guideline 4B1.1(a) provides a defendant is deemed a career offender if: One, the defendant was at least 18 years of age at the time that the defendant committed the instant offense of conviction; two, the instant offense of conviction is a felony, either a crime of violence or a controlled substance violation; and, three, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." So you know that particular provision might be applicable here. If applicable,

> guideline 4B1.1(b) provides that the base offense level shall be 34 where the crime involves a statutory maximum sentence of 25 years or more, and that is the case here.
> 
> If the career offender provision is determined applicable, then the guideline range would be as follows: Assuming a level 34, if the criminal history category were III the sentencing range would be 188 to 235. If the criminal history category was the worst, that is, category VI, the sentencing range would be 262 to 327 months.
>
> Do either of the parties have any comments to make upon the Court's analysis of the guidelines?
>
> MS. WITHERSPOON [DEFENDANT'S COUNSEL]: No, Your Honor. I would just agree with the Court that some records are going to have to be obtained to determine whether or not the career offender provision applies to Mr. Rowland. But he and I have discussed that in the event that comes to pass.
>
> THE COURT: Mr. Rowland, do you understand the possible sentences that might be imposed upon a plea of guilty?
>
> MR. ROWLAND: Yes, sir.

(Transcript of Plea Hearing, September 4, 2003).

Mr. Rowland's assertion that he was promised a sentence of 36 months is disproved by the record. The plea agreement, which Mr. Rowland signed, indicates that the only promises made were those contained in the plea agreement. The plea agreement further advised that the ultimate sentence would be determined by application of the Guidelines and that the only discretion to be exercised would be that of the sentencing judge. Finally, Mr. Rowland stated on the record in open court, when asked by the undersigned judge, that he received no promises other than those contained in the plea agreement. The record supports only one conclusion: Mr. Rowland voluntarily made the decision to plead guilty with full knowledge that the career offender provisions might require an increased sentence. The potential penalty – including, coincidentally, the subsequently computed sentencing range of 188 to 235 months – was explained to him in detail. Any reliance by Petitioner on an alleged promise for a sentence of 36 months, assuming such a promise had been made, would have been unreasonable on this record and therefore, legally unenforceable.

No legal basis exists for reducing Mr. Rowland's sentence based upon his allegation that he was promised a sentence of 36 months.

**The Extent of the Court's Downward Departure is not Reviewable**

With regard to any complaint by Mr. Rowland that this Court erred in not reducing his sentence further on the Government's Rule 35 motion, such claim is wholly without merit. While it is within the Government's discretion to move for a downward departure for substantial assistance, it is within the sentencing court's discretion as to how far to reduce a defendant's sentence. In the Eight Circuit, a defendant may not challenge the extent of a district court's downward departure. *U.S. v. McCarthy*, 97 F.3d 1562 (8th Cir. 1996); *see also U.S. v. Pepper,* __ F.3d __, 2005 WL 1489700 (8th Cir. 2005)(Court has jurisdiction to review a challenge to the extent of a downward departure by the government, but not the defendant).

**Booker does not apply retroactively**

For Petitioner to pursue a claim based on *Booker* or *Blakely*, both of which were decided after he was sentenced, the rights identified in those cases must be "retroactively applicable to cases on collateral review."[5]

The Supreme Court has held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[6] When issuing its opinion in *Booker*, the Court instructed courts to apply *Booker* or its "holdings – both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act – to all cases on direct review."[7] Given that instruction, this Court concludes that the Supreme Court did not

---

[5] 28 U.S.C. § 2255(3).

[6] *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

[7] *See Booker*, 125 S.Ct. at 769.

intend for its holdings in *Booker* and *Blakely* to apply retroactively to cases on collateral review. Although the Eighth Circuit has yet to rule on this issue, several other Circuits have concluded that *Booker* does not apply retroactively to cases on collateral review.[8]

**<u>No Amended Judgment is Required</u>**

Mr. Rowland further contends that he hasn't been given the benefit of his reduced sentence due to the Court's failure to enter a formal Amended Judgment & Commitment following its ruling on the Government's Rule 35 motion. Mr. Rowland is mistaken. The Court's Order of February 17, 2004 reducing his sentence to a term of 125 months sufficed to give the Bureau of Prisons ("BOP") notice that Mr. Rowland's sentence had been reduced. The Court has confirmed, through the United States Probation Office, that the BOP's records in fact reflect that Mr. Rowland is serving a 125 month sentence. Thus, Mr. Rowland's repeated assertions that the BOP's records continue to reflect a sentence of 188 months imprisonment are factually incorrect.

**CONCLUSION**

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Petitioner John Rowland's Motion for Reconsideration (Docket No. 59) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Petitioner John Rowland's Motion to Correct Sentence under 28 U.S.C. § 2255 (Docket No. 60) and Supplemental Motion to Correct an

---

[8] *See, e.g., McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005) (*Booker* not retroactively applicable to cases on collateral review); *Humphress v.United States*, 398 F.3d 855, 860 (6th Cir. 2005) (*Booker*'s rule does not apply retroactively in collateral proceedings); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (per curiam) (*Booker* decision is not retroactively applicable to case on collateral review); *Green v. United States*, 397 F.3d 101 (2d Cir. 2005) (denying motion for leave to file successive § 2255 motion because the Supreme Court has not made either *Blakely* or *Booker* retroactive to cases on collateral review).

Illegally Imposed Sentence (Docket No. 61) be, and they are hereby, DENIED.  This matter is hereby dismissed in its entirety.   All other motions filed by Petitioner are hereby DENIED as MOOT.

     IT IS FURTHER ORDERED that Petitioner John Rowland, having failed to make a substantial showing of the denial of a constitutional right, is hereby denied a certificate of appealability as to his § 2255 Petition.

     IT IS SO ORDERED this 27th day of July, 2005.

                              /s/Garnett Thomas Eisele
                            UNITED STATES DISTRICT JUDGE